KRISTIN A. LINSLEY, SBN 154148
  klinsley@gibsondunn.com
ROSEMARIE T. RING, SBN 220769
  rring@gibsondunn.com
LAURA K. O'BOYLE, *pro hac vice forthcoming*
  loboyle@gibsondunn.com
JACOB T. SPENCER, *pro hac vice forthcoming*
  jspencer@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200

ASHLEY M. SIMONSEN, SBN 275203
  asimonsen@cov.com
PHYLLIS A. JONES, *pro hac vice forthcoming*
  pajones@cov.com
ISAAC D. CHAPUT, SBN 326923
  ichaput@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: 415.591.6000

*Attorneys for Defendants Meta Platforms, Inc., Facebook Holdings, LLC, Facebook Operations LLC, Facebook Technologies LLC, and Instagram LLC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| V.P., on behalf of her minor child J.P., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., FACEBOOK HOLDINGS, LLC, FACEBOOK OPERATIONS LLC, FACEBOOK TECHNOLOGIES LLC, and INSTAGRAM LLC,<br><br>Defendants. | CASE NO. 4:22-cv-06617<br><br>**NOTICE BY DEFENDANTS OF REMOVAL OF CLASS ACTION**<br><br>(San Mateo Superior Court Case No. 22-CIV-03935)<br><br>Action Filed: September 27, 2022<br>Trial Date: None Set |

Gibson, Dunn & Crutcher LLP

NOTICE BY DEFENDANTS OF REMOVAL OF CLASS ACTION
CASE NO. 4:22-CV-06617

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF V.P. AND HER COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and in accordance with 28 U.S.C. §§ 1332 and 1367, Defendants Meta Platforms, Inc., Facebook Holdings, LLC, Facebook Operations, LLC, Facebook Technologies, LLC, and Instagram, LLC ("Defendants") hereby remove to the United States District Court for the Northern District of California the above-captioned state court action, originally filed as Case No. 22-CIV-03935 in San Mateo County Superior Court, State of California. Removal is proper on the following grounds:

## I. TIMELINESS OF REMOVAL

1. Plaintiff V.P. ("Plaintiff"), a resident of Washington State, filed a Class Action Complaint on behalf of her minor daughter and multiple putative classes against Defendants in San Mateo County Superior Court on September 27, 2022. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons, (b) Complaint, (c) Civil Case Cover Sheet, (d) Notice of Assignment, (e) Order of Recusal, (f) Affidavit of Mailing, (g) Proof of Service as to Facebook Holdings, LLC, (h) Proof of Service as to Facebook Operations LLC, (i) Proof of Service as to Instagram LLC, (j) Proof of Service as to Meta Platforms, Inc., (k) Proof of Service as to Facebook Technologies LLC, (l) Notice of Reassignment, (m) Notice of Case Management and Trial Setting Conference, (n) Affidavit of Mailing Notice of Reassignment, (o) Proof of Service as to Facebook Technologies LLC, (p) Proof of Service as to Facebook Holdings, LLC, (q) Proof of Service as to Instagram LLC, (r) Proof of Service as to Meta Platforms, Inc., (s) Proof of Service as to Facebook Operations LLC, (t) Case Management Order, (u) Affidavit of Mailing, and (v) Docket are attached as Exhibits A–V to the Declaration of Rosemarie T. Ring ("Ring Decl."), filed concurrently with this notice.

2. Plaintiff served Defendants through Defendants' agent for service of process, Corporation Service Company, with the Summons and Complaint on September 28, 2022. *See* Ring. Decl., Exs. G-K. This notice of removal is therefore timely pursuant to 28 U.S.C. § 1446(b) because it is filed within the 30 days of service. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1).

## II.   SUMMARY OF PLAINTIFF'S ALLEGATIONS AND GROUNDS FOR REMOVAL

3.   Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject-matter jurisdiction over this action and all claims asserted against Defendants under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4.   Under CAFA, federal courts have original jurisdiction over class actions where (1) any member of the putative class is a citizen of a State different from that of any defendant; (2) the putative class action contains at least 100 members; and (3) the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(d)(2)(A), (d)(2)(B), (d)(5)(B), and (d)(6).

5.   CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action."  28 U.S.C § 1332(d)(8).  This case is a putative "class action" under CAFA because it was brought under a state statute or rule—namely, California Code of Civil Procedure § 382—authorizing an action to be brought by one or more representative persons as a class action.  *See id.* § 1332(d)(1)(B); *see also* Ring. Decl., Ex. B ("Compl.") ¶ 82.

6.   Plaintiff's Complaint asserts fifteen causes of action "on behalf of her minor child J.P., individually and on behalf of a class of all others similarly situated." Compl. 1; *id.* ¶¶ 98–181.  Plaintiff seeks to represent

> (1) a nationwide unjust enrichment class … on behalf of all persons in the United States under the age of thirteen who have Facebook or Instagram accounts and have used those accounts for … at least twenty-five hours at the time of class certification;
>
> (2) a nationwide California Unruh Civil Rights Act claim on behalf of all persons under the age of thirteen who have Facebook or Instagram accounts and have used those accounts for at least twenty-five hours at the time of class certification; and
>
> (3) subclass claims under the state consumer protection laws of Colorado, the District of Columbia, Hawaii, Idaho, Indiana, Kansas, Michigan, New Hampshire, New York, Ohio, Oklahoma, Utah, and Virginia on behalf of all persons in each state or territory under the age of thirteen who have Facebook or Instagram accounts and use those accounts for at least twenty-five hours at the time of class certification.

Compl. ¶¶ 8, 82.

7.   Plaintiff seeks disgorgement of Defendants' allegedly unjust enrichment; statutory and actual damages allegedly sustained as a result of Defendants' purported civil rights and consumer protection violations; injunctive relief; an award of costs and legal fees; and any other relief as may be

appropriate. Compl. ¶¶ 105–106, 114, 120, 124, 129, 134, 139, 144, 148, 153, 158, 163, 170, 174, 181; Compl. Prayer for Relief.

8. Defendants deny any liability as to Plaintiff's claims and as to the claims of the putative class members, and further deny that any class can be certified. Defendants expressly reserve all rights, including, but not limited to, the right to file motions challenging the pleadings. But for purposes of meeting the jurisdictional requirements for removal only, Defendants submit on a good faith basis that this action satisfies all requirements for federal jurisdiction under CAFA because, as set forth below, there is the minimum diversity of citizenship required under CAFA; the allegations in the Complaint identify a putative class of more than 100 members; and Plaintiff's allegations put in controversy more than $5 million in the aggregate for the entire classes, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

**A.    There Is Minimal Diversity of Citizenship.**

9. "Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant." *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017). Thus, the minimal diversity of citizenship requirement of CAFA is met if the plaintiff or "any member" of the putative class is "a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Removal under CAFA is permitted even if one of the class action defendants is a resident of the forum state. *See* 28 U.S.C. § 1453(b).

10. Plaintiff alleges (correctly) that Defendant Meta Platforms, Inc. is incorporated in Delaware and has its principal place of business "in Menlo Park, California." Compl. ¶ 14. As a result, Defendant Meta Platforms, Inc. is a citizen of Delaware and California. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."); *see Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) ("[A] corporation's principal place of business 'refer[s] to the place where a corporation's officers direct, control, and coordinate the corporation's activities.'" (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010))). Plaintiff also alleges (correctly) that the other defendants are "wholly owned by Meta." Compl. ¶ 15. As a result, all defendants are citizens of

Delaware and California. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").

11. For diversity purposes, a person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party is domiciled where she "resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A party's residence is prima facie evidence of his or her domicile. *See Cisneros Pantoja v. RAMCO Enterprises, L.P.*, No. 19-CV-03336-LHK, 2019 WL 5959630, at *10 (N.D. Cal. Nov. 13, 2019). Plaintiff represents in her Complaint that she is a resident of Washington State. Compl. ¶ 13. She is therefore considered a citizen of Washington for purposes of removal. *See id.*

12. Accordingly, at the time the Complaint was filed and at the time of removal, there was and is minimal diversity of citizenship between Plaintiff and Defendants. *See* 28 U.S.C. § 1332(d)(2)(A).

### B.     The Putative Class Consists Of More Than 100 Members.

13. CAFA jurisdiction exists when "the number of members of all proposed plaintiff classes in the aggregate" is greater than 100. 28 U.S.C. § 1332(d)(5)(B). Both of Plaintiff's purported nationwide classes encompass "all persons under the age of thirteen who have Facebook or Instagram accounts and have used those accounts at least twenty-five hours at the time of class certification." Compl. ¶¶ 83, 85. The Complaint alleges that "[t]here are many *thousands* of members of each class and subclass." Compl. ¶ 93 (emphasis added). Thus, while Defendants deny that any class can be certified, the proposed classes consist of more than 100 members based on the Complaint's allegations. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (CAFA's numerosity requirement met when complaint referred to "hundreds of affected consumers").

### C.     The Amount in Controversy Exceeds $5 Million.

14. A class action is removable under CAFA if "the claims of the individual class members," when "aggregated," exceeds the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). A notice of removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193,

1197 (9th Cir. 2015). A removing defendant may make a "reasonable extrapolation[] from the plaintiff's allegations suffic[ient] to establish the amount in controversy." *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1041 (N.D. Cal. 2014).

15. Although Defendants deny that Plaintiff's claims have any merit and dispute that Plaintiff is entitled to any of the sums sought in the Complaint, Defendants aver, for purposes of meeting the jurisdictional requirements for removal only, that Plaintiff's requested monetary recovery exceeds $5 million.

16. Plaintiff's unjust enrichment allegations alone—if accepted—place in controversy more than $5 million. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) ("In determining the amount [in controversy], we first look to the complaint."). The complaint states that a common question of law or fact supporting class certification is "[w]hether Meta obtained billions in profits unjustly enriching itself by profiting from the tortious endangerment of children," Compl. ¶ 94(b), and it seeks "to force Meta to disgorge [those] wrongfully obtained profits from advertisements directed at child users," Compl. ¶ 9, Prayer for Relief. As a result, more than $5 million is in controversy. *See Lewis*, 627 F.3d at 399 ("Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938))).

17. In addition, Plaintiff's purported Unruh Civil Rights Act class seeks statutory damages "in the amount of $4,000 per violation, or actual damages in an amount to be proven at trial, as well as injunctive relief, attorneys' fees, and any other just and proper relief available under the law." Compl. ¶ 114. Assuming the alleged "many thousands" of purported class members who seek to recover statutory damages, *see* Comp. ¶ 93, the amount in controversy of the Unruh Civil Rights Act class claim alone likely exceeds $5 million. *See Jauregui v. Roadrunner Trans. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (the removing party may rely "on a chain of reasoning that includes assumptions to satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million").

18. Even without considering the various state-law consumer protection subclasses, injunctive relief, or attorneys' fees, the amount-in-controversy requirement is satisfied. *See Lewis*, 627

F.3d at 401 ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, … then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." (quotation marks and citation omitted)).

### III. THIS COURT HAS JURISDICTION AND REMOVAL TO THIS COURT IS PROPER

19. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

   a) this is a civil action that is a class action with within the meaning of § 1332(d)(1)(B);

   b) the class is minimally diverse from Defendants because a member of the putative class is a citizen of a state different from at least one Defendant, as required by § 1332(d)(2)(A);

   c) this action involves a putative class of more than 100 persons as required by § 1332(d)(5)(B); and

   d) the amount in controversy exceeds $5 million, exclusive of interest and costs as required by § 1332(d)(2).

20. For these reasons, removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007); 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

21. The United States District Court for Northern District of California is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) because it embraces the place where Plaintiff originally filed this case, the Superior Court of San Mateo County. 28 U.S.C. § 84(a); *see also id.* § 1441(a).

22. True and correct copies of all process, pleadings, and orders served upon Defendants and/or filed in the state court, are filed concurrently herewith. These filings constitute the complete record of all records and proceedings in the state court.

23. Upon filing the Notice of Removal, Defendants will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the San Mateo County Superior Court, pursuant to 28 U.S.C. § 1446(d).

24. WHEREFORE, Defendants hereby remove to this Court the above action pending against them in the Superior Court of California, San Mateo County.

Dated: October 27, 2022     GIBSON, DUNN & CRUTCHER LLP

By: /s/ Rosemarie T. Ring
Rosemarie T. Ring

*Attorneys for Defendants*

Dated: October 27, 2022     COVINGTON & BURLING LLP

By: /s/ Ashley M. Simonsen
Ashley M. Simonsen

*Attorneys for Defendants*

\* \* \* \* \* \*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

Pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

Dated: October 27, 2022						GIBSON, DUNN & CRUTCHER LLP


								By:     */s/ Rosemarie T. Ring*
								                   Rosemarie T. Ring